IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
SEP 18 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**RAHEEM TYLER,**

    Petitioner,

v.                                           **CRIMINAL NO. 4:12-cr-37**

**UNITED STATES OF AMERICA,**

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Raheem Tyler's ("Petitioner") Motion for Compassionate Release. ECF Nos. 360 and 363. For the reasons stated below, Petitioner's Motion is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

From 2009 to 2012, the Drug Enforcement Administration ("DEA") investigated a conspiracy to distribute marijuana and cocaine involving Petitioner and several co-conspirators. ECF No. 232. DEA Agents interviewed various co-conspirators who stated that Petitioner made trips from Georgia to Virginia to conduct activities in support of the narcotics conspiracy. *Id.* Petitioner would travel to the Eastern District of Virginia and stay in properties paid for by the conspiracy. *Id.* Petitioner would also receive shipments of cocaine and marijuana and work with other members of the conspiracy to break down these quantities of narcotics for further distribution. *Id.*

On July 22, 2013, Petitioner pled guilty to Count One of the Superseding Indictment charging Petitioner with Conspiracy to Possess with the Intent to Distribute Cocaine and Distribution of Cocaine, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b). ECF No. 231. On

November 26, 2013, Petitioner was sentenced to a term of 144 months imprisonment. ECF No. 276.

On June 12, 2020, Petitioner submitted a request for compassionate release to the Warden of Edgefield Federal Correction Institute. ECF No. 363-1. On July 13, 2020, Petitioner submitted a second request to the Warden. *Id.* Petitioner alleges that he did not receive a response from the Warden for either request. ECF No. 363.

On June 15, 2020, Petitioner filed a *pro se* letter motion for compassionate release in which Petitioner requested appointment of counsel. ECF No. 360. The Court then ordered the appropriate responses on July 6, 2020. ECF No. 361. Petitioner, through counsel, responded to the Court's order on August 5, 2020 by supplementing Petitioner's motion. ECF No. 363. Petitioner also filed a copy of his medical records, indicating that Petitioner maintains a long history of obesity, asthma, hypertension, and sleep apnea. ECF No. 365. The Government responded in opposition to Petitioner's Motion on August 19, 2020. ECF No. 367. Petitioner replied to the Government's response on August 24, 2020. ECF No. 369. This matter is now ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.*

**B. The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he

3

Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

The Court finds that Petitioner submitted administrative requests for compassionate release to the Warden of Edgefield Federal Correction Institute on June 12, 2020 and July 13, 2020. ECF No. 363-1. The BOP had 30 days to respond to Petitioner's request and failed to do so. Therefore, Petitioner has satisfied the exhaustion requirement within § 3582(c)(1)(A) because the BOP failed to respond to Petitioner's administrative request.

#### B. Resolution of the Defendant's Request for Compassionate Release

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner was convicted of Conspiracy to Possess with the Intent to Distribute Cocaine and Distribution of Cocaine. Due to Petitioner's role as a manager or supervisor in the conspiracy, Petitioner's offense level was increased by 3 levels pursuant to Section 3B1.1(b) of the U.S. Sentencing Guidelines. ECF No. 368. However, the Court also considers that Petitioner has a history of drug and alcohol abuse for which Petitioner is currently enrolled in the Residential drug Abuse Program. ECF No. 368. Additionally, the Court recognizes and applauds Petitioner for maintaining no disciplinary history during his time in BOP custody. *Id*. Petitioner has also participated in other rehabilitative programming and obtained his GED while incarcerated. ECF

4

363-4. To date, Petitioner is 44 years old and has served over sixty percent of his 144-month sentence.

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *See United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020). Here, Petitioner offers his hypertension, asthma, and sleep apnea as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 363. He also argues that he is obese and possesses a BMI of 38.5 which may also impact Petitioner's ability to recover from a potential COVID-19 infection. *Id.*

Upon review, Petitioner is particularly vulnerable to COVID-19 as the CDC lists asthma and hypertension as conditions that indicate Petitioner "might be at an increased risk of severe illness from COVID-19."[1] To treat his asthma, Petitioner is prescribed an inhaler which, according to Petitioner's medical records, Petitioner uses fairly often. Petitioner also takes daily medication to treat his hypertension. Furthermore, Petitioner's obesity is another underlying condition that is "at increased risk of severe illness from COVID-19." *Id.* With a BMI of 38.5, Petitioner is considered morbidly obese and faces a real threat of dying from COVID-19 should he contract the virus.

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

During the COVID-19 pandemic, federal courts across the country have held that compassionate release is justified under similar circumstances. *United States v. Woodard*, 2020 WL 3528413 at *3 (E.D. Va. Jun. 26, 2020) ("Because Petitioner is extremely vulnerable to COVID-19, retaining him in prison… at the risk of increasing his exposure to a fatal viral infection does not serve the § 3553(a) factors and implicates an extraordinary and compelling reason for release."); *United States v. Zukerman*, 2020 WL 1659880, at *6 (S.D.N.Y. Apr. 3, 2020) (granting compassionate release because "[w]hen the Court sentenced Zukerman, the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic (internal quotation marks and citation omitted)); *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020) (finding extraordinary and compelling reasons where defendant has "diabetes, a serious medical condition which substantially increases her risk of severe illness if she contracts COVID-19" (internal quotation marks, citation, and alteration omitted)); *United States v. Rodriguez*, 2020 WL 1627331, at *8 (E.D. Pa. Apr. 1, 2020) ("In the absence of a deadly pandemic that is deadlier to those with Mr. Rodriguez's underlying conditions, these conditions would not constitute 'extraordinary and compelling reasons.' It is the confluence of COVID-19 and Mr. Rodriguez's health conditions that makes this circumstance extraordinary and compelling." (citations omitted)); *see also United States v. Jepsen*, 2020 WL 1640232 (D. Conn. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL 1536155 (E.D. Wash. Mar. 31, 2020); *United States v. Muniz*, 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, 2020 WL 1489829 (S.D.N.Y. Mar. 27, 2020).

While Petitioner's conduct and criminal history have not changed, he is under extreme threat from a virus that may be fatal if he contracts it. The Court notes there is growing evidence of the BOP's mismanagement of its vulnerable population during the COVID-19 pandemic. *See*

*Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the "unacceptable" percentage of positive tests at FCI Elkton and BOP's "ineffective[ness]…at stopping the spread"). The *Wilson* court criticized the BOP for having "made only minimal effort to get at-risk inmates out of harm's way." *Id.* at *2. Although Petitioner's original sentence was lawfully imposed in accordance with the § 3553(a) factors, serious illness and the potential for an accelerated death was decidedly *not* among the reasons for it. *See Zukerman*, 2020 WL 1659880, at *6 *citing Rodriguez*, 2020 WL 1627331, at * 12 ("the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic").

Accordingly, the Court believes Petitioner's conduct may be adequately addressed with a sentence of home confinement that diminishes his risk of infection and protects the public without overlooking the serious nature of the offense at issue. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Furthermore, Petitioner's sentence already includes a five-year term of supervised release at the conclusion of his incarceration. Upon granting Petitioner's Motion for Compassionate Release, Petitioner would still be subject to supervised release and the Court would impose an added condition of home confinement for the first two years of his supervised release. Petitioner has a wife of 10 years who will provide a safe residence for Petitioner upon release. Accordingly, at the conclusion of Petitioner's supervised release he will be 49 years old, having served over seven years in prison, plus 2 years in home confinement, and 3 years on supervised release. Under the circumstances, this penalty is sufficient but not greater than necessary for an individual who is in diminishing physical health and will not have access to the facilities of his offense.

Because Petitioner is vulnerable to COVID-19, retaining him in prison simply to serve a higher percentage of his sentence at the risk of increasing his exposure to a fatal viral infection

does *not* serve the § 3553(a) factors and implicates an extraordinary and compelling reason for release. The Court FINDS that Petitioner's underlying health condition in the wake of an ongoing COVID-19 pandemic present an extraordinary and compelling reason for relief from Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **GRANTED**. Petitioner's sentence is reduced to TIME SERVED. Upon release Petitioner shall be placed on supervised release as previously ordered in his criminal judgment with a special condition of twenty-four (24) months of home confinement. The Bureau of Prisons **SHALL** place Petitioner in quarantine and release Petitioner within fourteen (14) days of the date of this Order. Petitioner is **DIRECTED** to contact the United States Probation Office within seventy-two (72) hours of his release.

**IT IS SO ORDERED**.

Norfolk, Virginia
September 18, 2020

/s/
Raymond A. Jackson
United States District Judge